IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONY LORD, | * | CIVIL ACTION NO. |
| | * | 3:13-CV-0022-CAR-CHW |
| Petitioner, | * | |
| | * | HABEAS CORPUS |
| vs. | * | 28 U.S.C. § 2254 |
| | * | |
| FRED HEAD, WARDEN, | * | |
| | * | |
| Respondent. | * | |

ANSWER-RESPONSE

Comes now Commissioner Brian Owens, who has moved to intervene as party Respondent, through counsel, Samuel S. Olens, Attorney General of the State of Georgia, and makes this answer in response to the allegations of the petition and the show cause order of the Court, by showing and stating as follows:

ALLEGATIONS OF THE PETITION

1.

Respondent denies that Petitioner's constitutional rights have been violated as alleged in the petition. All material averments of the petition are denied. A more detailed factual and legal statement of Respondent's position is set forth in the brief filed with this answer and incorporated by reference herein.

2.

With respect to the specific grounds of the petition, as amended (Doc. 6), Respondent asserts the following:

(a) Respondent denies the allegation in ground one in which Petitioner alleges he received ineffective assistance of counsel, in that: Petitioner's trial counsel did not (1) file a general demurrer to counts one and two of the indictment, "which do not recite language from the Criminal Code, do not alleged every essential element of the crime charged as required by law and, therefore, are invalid"; (2) did not "move the court by motion for a directed verdict of acquittal with respect to count two of the indictment," in that that "counts one and two do not allege every essential element of the crime charged"' and, (3) did not object to the admission statements made by Petitioner's wife, who had invoked the marital privilege, as violating Petitioner's right to confrontation pursuant to Crawford v. Washington, 541 U.S. 36 (2004).   Respondent avers that the state habeas corpus court found the issues in parts 2 and 3 of this ground to be procedurally defaulted under O.C.G.A. § 9-14-48(d), so that this Court should defer to that finding of default. Coleman v. Thompson, 501 U.S. 722, 750 (1991) .  Respondent submits that the issue in part 1 of this ground is new but procedurally defaulted under Georgia's successive petition rule, O.C.G.A. § 9-14-51, as the claim was not raised on this basis on direct appeal or in Petitioner's state habeas corpus case and it is clear the state courts would find this claim to be successive if now raised in a

2

second state collateral attack.  Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

(b) Respondent denies the allegations in ground two in which Petitioner claims he received ineffective assistance of counsel, in that Petitioner's appellate counsel did not "raise the underlying substantive claims of error set forth in ground one."   Respondent submits that the part of this ground alleging Petitioner's appellate counsel was ineffective for not raising the alleged ineffective assistance of trial counsel for not filing a general demurer to counts one and two of the indictment is new but procedurally defaulted under Georgia's successive petition rule, O.C.G.A. § 9-14-51, as the claim was not raised on this basis in Petitioner's state habeas corpus case and it is clear the state courts would find this claim to be successive if now raised in a second state collateral attack.  Chambers, 150 F.3d at 1327.

(c) Respondent denies the allegations in ground three in which Petitioner alleges he was denied equal protection and due process under the fourth, fifth, and fourteenth amendments, in that "law enforcement officials entered Petitioner's residence without valid consent or search warrant, and seized alleged evidence of violations of state criminal statute."  Respondent submits that the portion of this ground alleging a fourth amendment violation in that Petitioner was subject to an illegal search and seizure is precluded from review. Stone v. Powell, 428 U.S. 465

(1976). Respondent submits that the portion of this ground alleging fifth amendment due process and equal protection violations is new but procedurally defaulted under Georgia's successive petition rule, O.C.G.A. § 9-14-51, as the claim was not raised on this basis on direct appeal or in Petitioner's state habeas corpus case and it is clear the state courts would find this claim to be successive if now raised in a second state collateral attack. Chambers, 150 F.3d at 1327. Alternatively, Respondent submits that the portion of this ground alleging a fifth amendment due process violation fails to state a cognizable claim for relief in federal habeas corpus and/or is barred by Teague v. Lane, 489 U.S. 288 (1989), as the fifth amendment right to due process has not been extended to the states.

(d) Respondent denies the allegations in ground four in which Petitioner alleges he was denied equal protection and due process under the fourth, fifth, and fourteenth amendments, in that "law enforcement officials seized and entered Petitioner's vehicle, without prior consent or a valid search warrant, and obtained alleged evidence of violations of state criminal statute." Respondent submits that the portion of this ground alleging a fourth amendment violation in that Petitioner was subject to an illegal search and seizure is precluded from review. Stone, 428 U.S. 465. Respondent submits that the portion of this ground alleging fifth amendment due process and equal protection violations is new but procedurally defaulted under Georgia's successive petition rule, O.C.G.A. § 9-14-51, as the

claim was not raised on this basis on direct appeal or in Petitioner's state habeas corpus case and it is clear the state courts would find this claim to be successive if now raised in a second state collateral attack. Chambers, 150 F.3d at 1327. Alternatively, Respondent submits that the portion of this ground alleging a fifth amendment due process violation fails to state a cognizable claim for relief in federal habeas corpus and/or is barred by Teague, 489 U.S. 288, as the fifth amendment right to due process has not been extended to the states.

    (e) Respondent denies the allegations in ground five in which Petitioner alleges he was denied equal protection and due process under the fourth, fifth, and fourteenth amendments, in that "the Georgia Court of Appeals disregarded the jury's verdict of 'Not Guilty' as to Count One of the indictment and misapplied alleged facts and evidence to support a finding that the trial court did not err in denying Petitioner's motion to suppress evidence seized from his residence and vehicle, or in concluding that the offenses did not merge." Respondent submits that the portion of this ground alleging a fourth amendment violation in that Petitioner was subject to an illegal search and seizure is precluded from review. Stone, 428 U.S. 465. Respondent submits that the portion of this ground alleging fifth amendment due process and equal protection violations is new but procedurally defaulted under Georgia's successive petition rule, O.C.G.A. § 9-14-51, as the claim was not raised on this basis on direct appeal or in Petitioner's state

habeas corpus case and it is clear the state courts would find this claim to be successive if now raised in a second state collateral attack. Chambers, 150 F.3d at 1327. Alternatively, Respondent submits that the portion of this ground alleging a fifth amendment due process violation fails to state a cognizable claim for relief in federal habeas corpus and/or is barred by Teague, 489 U.S. 288, as the fifth amendment right to due process has not been extended to the states. Alternatively, in as much as Petitioner alleges a substantive error by the Court of Appeals in that the court did not properly consider the record before it, Respondent submits that this ground fails to state a cognizable claim for relief in federal habeas corpus, as despite the labels Petitioner does not allege a violation of a federal constitutional right or "clearly established Federal law" within the meaning of 28 U.S.C. § 2254, and/or is barred by Teague, 489 U.S. 288.

## EXHAUSTION

3.

Respondent does not contest exhaustion in this case, as the claims were either raised and decided adversely to Petitioner in the state courts; or, the Court may find the requisite exhaustion of any new claims to arise by virtue of the claims being procedurally defaulted and/or failing to state a claim for relief. Respondent reserves the right to contest exhaustion if Petitioner attempts to raise additional claims, as Respondent does not waive exhaustion in this case.

## STANDARD OF REVIEW

4.

Under 28 U.S.C. § 2254(d), this Court should not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

## PRESUMPTION OF CORRECTNESS

5.

Under § 2254(e)(1), this Court should presume to be correct a determination of a factual issue made by a state court, as Petitioner has not rebutted the presumption of correctness by clear and convincing evidence.

## NO FEDERAL HEARING REQUIRED

6

Under § 2254(e)(2), this Court should not hold a federal evidentiary hearing, as Petitioner has not shown that: (a) his claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was

previously unavailable or the claim relied on a factual predicate that could not have been previously discovered by due diligence; or (b) the facts underlying the claims would be sufficient to show by clear and convincing evidence that, but for the constitutional error, no fact finder would have found him guilty.  <u>Williams v. Taylor</u>, 529 U.S. 420 (2000).

EXHIBITS

7.

Respondent will submit the following exhibit from Petitioner's state proceedings under a separate notice of filing:

    Respondent's Exhibit 1 – a copy of Petitioner's state habeas corpus petition.

    Respondent's Exhibit 2 – a copy of the order transferring Petitioner's state habeas corpus petition.

    Respondent's Exhibit 3 – a copy of Petitioner's amendment to his state habeas corpus petition

    Respondent's Exhibit 4 – a copy of the state habeas corpus court's final order denying relief.

    Respondent's Exhibit 5 – a copy of Petitioner's application for a certificate of probable cause to appeal.

    Respondent's Exhibit 6 – a copy of the Georgia Supreme Court's order denying Petitioner's application for a certificate of probable cause to appeal.

Respondent's Exhibit 7 – a copy of volume 1 of 4 of the August 18, 2010, state habeas corpus evidentiary hearing transcript.

Respondent's Exhibit 8 – a copy of volume 21 of 4 of the August 18, 2010, state habeas corpus evidentiary hearing transcript.

Respondent's Exhibit 9 – a copy of volume 3 of 4 of the August 18, 2010, state habeas corpus evidentiary hearing transcript.

Respondent's Exhibit 10 – a copy of volume 4 of 4 of the August 18, 2010, state habeas corpus evidentiary hearing transcript.

## DIRECT APPEAL

8.

Petitioner's 2007 Oconee County jury trial convictions for two counts of aggravated assault - family violence were affirmed on direct appeal. Lord v. State, 297 Ga. App. 88, 676 S.E.2d 404 (2009).

## CONCLUSION

WHEREFORE, having answered the grounds of the petition and shown cause why the writ should not issue and why no hearing is necessary, Respondent prays that this Court deny habeas corpus relief.

         Respectfully submitted,

         SAMUEL S. OLENS  551540
         Attorney General

         BETH A. BURTON  027500
         Deputy Attorney General


         s/Paula K. Smith_____
         PAULA K. SMITH  662160
         Senior Assistant Attorney General


         s/David A. Zisook_____
         DAVID A. ZISOOK  310104
         Assistant Attorney General

PLEASE SERVE:
DAVID A. ZISOOK
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S. W.
Atlanta, Georgia  30334-1300
(404) 463-8636

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served the within and foregoing ANSWER, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed upon:

> Tony Lord
> GDC-1254418
> Riverbend Correctional Facility
> 196 Laying Farm Rd.
> Milledgeville, GA 31061

This __9th__ day of May, 2013.

> s/David A. Zisook_____
> DAVID A. ZISOOK
> Assistant Attorney General