IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TONY LORD,      :
          :
 Petitioner,     :
          : Case No. 3:13-CV-22
v.          :
          : Proceedings under 28 U.S.C. § 2254
Warden FRED HEAD and   :
BRIAN OWENS, Commissioner of the :
Georgia Department of Corrections, :
          :
 Respondents.    :
_____ :

## ORDER ON THE RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 13] to deny Petitioner Tony Lord's original and amended petitions seeking a writ of habeas corpus under 28 U.S.C. § 2254 [Docs. 1, 6]. Petitioner filed a timely Objection to the Recommendation [Doc. 16]. Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the portions of the Recommendation to which Petitioner objects and finds the Objection to be without merit.

In the instant petitions, Petitioner seeks federal habeas corpus relief from his state aggravated assault convictions arising from the brutal beating of his girlfriend. The evidence at trial showed that Petitioner punched, choked, threatened to kill, and shoved a curling iron down the victim's throat. Following a jury trial, Petitioner was

convicted of two counts of family violence aggravated assault.  After denial of his state habeas corpus petition, Petitioner filed the current petition seeking federal habeas corpus relief, alleging various grounds of error arising from the trial and direct of appeal of his convictions.  In the Recommendation, the Magistrate Judge recommends denying the relief sought because the grounds raised either fail to state a claim or are procedurally defaulted.

In his Objection, Petitioner disagrees with the Magistrate Judge's conclusion that the state habeas court's denial of Petitioner's ineffective assistance of appellate counsel claim was not (1) contrary to, or an unreasonable application of, federal law, nor (2) an unreasonable determination of the facts in light of the evidence presented.  Specifically, Petitioner contends that appellate counsel was ineffective for not raising as error trial counsel's failure to move for a directed verdict of acquittal on Count II of the Indictment.  Count II charged Petitioner with aggravated assault by "unlawfully ma[king] an assault upon [the victim] with intent to murder."[1]  Petitioner argues Count II was defective because it did not allege the simple assault element of the aggravated assault crime, therefore failing to put him notice of the crime charged.[2]  By extension, Petitioner contends appellate counsel's failure to raise the sufficiency of Count II as an issue on appeal is clearly ineffective, and the state court's determination to the contrary

---

[1] [Doc. 11-7, p. 84].

[2] *See* O.C.G.A. § 16-5-20(a).

is an unreasonable application of the ineffective assistance standard articulated in *Strickland v. Washington*.[3]   This Court disagrees.

Under the *Strickland* standard, a petitioner must show that (1) counsel's performance was deficient and (2) the deficiency prejudiced the defense.[4]  When a state court applies the *Strickland* test, the standard of review by a federal court under § 2254(d)(1) is "'doubly deferential'" to the state court's determination.[5]  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."[6]

Here, the state habeas court applied *Strickland* and held that appellate counsel's performance was not ineffective because Count II sufficiently put Petitioner on notice of the crime charged.  Under Georgia law, aggravated assault consists of two essential elements.[7]  The first, the simple assault element, consists of either "(1) [an attempt] to commit a violent injury to the person of another, or (2) [an act] which places another in reasonable apprehension of immediately receiving a violent injury."[8]  The second, the aggravating element, requires that the assault be committed with "either (a) an

---

[3] 466 U.S. 668 (1984).

[4] *Id.* at 687.

[5] *Banks v. Georgia*, 517 F. App'x 709, 715 (11th Cir. 2013) (quoting *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009)).

[6] *Knowles*, 556 U.S. at 123 (quotation marks omitted).

[7] *Fleming v. State*, 276 Ga. App. 491, 493 (2005).

[8] O.C.G.A. § 16-5-20(a); *Fleming*, 276 Ga. App. at 493.

intention to murder, rape or rob, or (b) the use of a deadly weapon."[9]   Under Georgia

law, "[i]t is not necessary that an indictment charging a defendant with aggravated

assault specify the manner in which the simple assault was committed, but it must set

forth the aggravating aspect."[10]   "[A]n indictment for aggravated assault puts a

defendant on notice that he may be convicted 'for aggravated assault if he committed a

simple assault in <u>either</u> manner contained in the simple assault statute.'"[11]

Here, in accordance with Georgia law, Count II set forth the aggravating

element—assault "with the intent to murder."   The majority of the cases relied on by

Petitioner purporting to show that an indictment must specify the simple assault

element involved charges that failed to articulate <u>both</u> the simple assault element and

the aggravating element of the crime.[12]   As such, these cases are clearly distinguishable

from the case at bar.

---

[9] *Fleming,* 276 Ga. App. at 493.

[10] *Chase v. State*, 277 Ga. 636, 638 (2004) (citing *Simpson v. State*, 277 Ga. 356, 358 (2003)); *see also McGuire v. State*, 266 Ga. App. 673, 675 (2004) (quoting *Simpson* for the same proposition in a case involving aggravated assault with intent to rape).

[11] *Deleon v. State*, 285 Ga. 306, 307 (2009) (quoting *Simpson*, 277 Ga. at 358) (emphasis added).

[12] *See, e.g., Smith v. Hardrick*, 266 Ga. 54, 55-56 (1995) (holding indictment failed to set forth that defendant placed his hands around victim's neck in an attempt to use them as deadly weapons or with an intent to rape, rob, or murder, or that he placed his hands around the victim's neck with intent to commit a violent injury or place the victim in reasonable apprehension of receiving a violent injury); *State v. Daniels*, 281 Ga. App. 224, 225-26 (finding counts in indictment deficient because they failed to allege that co-defendant committed assault with intent to rob); *Fleming v. State*, 276 Ga. App. 491, 493-94 (2005) (holding indictment was fatally flawed when it did not state that defendant threatened victim with his hands in an attempt to use them as deadly weapons, or that by threatening the victim with his hands, he intended inflict a serious bodily injury or that he placed the victim in reasonable apprehension of receiving a violent injury).

Petitioner only cites to one case, *Scott v. State*,[13] in which the state court suggested that an indictment was deficient for failing to charge the simple assault element.[14]  The Court is unpersuaded by *Scott*, however, given the weight of authority holding that an aggravated assault charge need not specifically allege the manner of simple assault. Moreover, the *Scott* court found that, although the aggravated assault charge in that case was deficient, "it was not so fundamentally flawed as to have charged no crime at all" because another count in the indictment detailed the injuries the defendant inflicted on the victim.[15]  Here, like the additional count in *Scott*, Counts I and IV detailed the injuries suffered by the victim, including a torn esophagus and a temporary loss of hearing.  Thus, pursuant to the *Scott* court's reasoning, even if Count II was deficient for failing to allege the simple assault element, it was not so deficient as to have charged no crime at all given the additional allegations in the other counts.

Based on the foregoing, the Court cannot conclude that the state habeas court's conclusion that the Indictment sufficiently put Petitioner on notice of the crime and, by extension, that appellate counsel was not ineffective for failing to raise the adequacy of the Indictment as an issue on appeal, was contrary to, or an unreasonable applicable of, *Strickland*.  Nor can the Court conclude that the state habeas court's decision was an unreasonable determination of the facts in the light of the evidence presented.

---

[13] 281 Ga. App. 813 (2006).

[14] *Id*. at 815.

[15] *Id*.

Accordingly, the Recommendation [Doc. 13] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.   The petition and amended petition are **DENIED**.   Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

  **SO ORDERED,** this 4th day of November, 2014.

       S/  C. Ashley Royal
       C. ASHLEY ROYAL
       UNITED STATES DISTRICT JUDGE

ADP/ssh